```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

SHUN PATTERSON, #295360

        Petitioner,

v.                                    ACTION NO. 2:04cv535

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## OPINION AND ORDER

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for decision, with the consent of the parties, by Order dated January 4, 2005, pursuant to the provisions of 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Shun Patterson ("Patterson") was convicted in the Circuit Court of the City of Newport News, Virginia on November 9, 2000, of first degree murder, use of a firearm during commission of a felony, and robbery. On January 26, 2001, Patterson was sentenced to forty-five years imprisonment.

Patterson appealed to the Court of Appeals of Virginia, which affirmed his conviction on February 5, 2002.[1] Patterson's subsequent appeal to the Supreme Court of Virginia was denied on June 11, 2002. On July 30, 2002, the Supreme Court of Virginia denied Patterson's petition for a rehearing.

On July 24, 2003, Patterson filed a petition for writ of habeas corpus in the Newport News Circuit Court. On August 29, 2003, the state court denied the petition. Patterson did not appeal the state court dismissal of the petition.

On August 23, 2004, while in the custody of the Virginia Department of Corrections at the Sussex II State Prison, Patterson executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Court received the petition on August 27,

---

[1] The respondent incorrectly identifies February 2, 2002 as the date of the Court of Appeals of Virginia dismissal of the petitioner's appeal. The exhibit attached to respondent's brief reflects that the Court of Appeals Memorandum Opinion was issued on February 5, 2002. This difference does not affect the habeas statute of limitations calculation.

[2] Robinson appears to have executed his petition for habeas corpus on August 23, 2004 without utilizing the proper form. The Court received the petition on August 27, 2004 and conditionally filed it on September 7, 2004. The Magistrate Judge entered an order on September 16, 2004, advising Patterson to set out his allegations on the proper form and to file the amended petition within thirty days. Pursuant to this order, Patterson executed a second petition on the proper form on October 8, 2004; however, the second petition was untimely received on November 8, 2004. The Court dismissed the petition without prejudice on November 4, 2004. Subsequently, Patterson sent a letter explaining his delinquent filing and requesting that the Court reopen his case. On November 15, 2004, the Court vacated the November 4 order, reopened the case, and ordered that Patterson's amended petition be filed on

2004, and conditionally filed the petition on September 7, 2004. On November 15, 2004, the Court filed Patterson's amended petition. On December 29, 2004, respondent filed a Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum. On January 11, 2005, Patterson filed a response to respondent's motion to dismiss.

### B. Grounds Alleged

Patterson now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

> (a) The trial court erred in refusing to provide an instruction to the jury on the lesser-

---

November 15, 2004.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. The Court also notes that prior to the promulgation of these amendments the Court of Appeals for the Fourth Circuit had reserved the question of whether the prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), extends to an application for collateral review filed in district court. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001); United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000). Nevertheless, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in applications for collateral review in district court. Accordingly, for statute of limitations purposes, the Court adopts the prison mailbox rule for federal habeas petitions.

As there is no evidence in the record to suggest that Patterson delivered his first habeas petition for mailing on any other day, the Court will assume that he delivered it for mailing on August 23, 2004, the date on which he signed it. See Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991).

3

                included offense of voluntary manslaughter;

(b) The trial court erred in finding the evidence sufficient to support a finding beyond a reasonable doubt that petitioner was guilty of murder;

(c) The trial court erred in instructing the jury in a confusing manner, namely by giving an instruction defining "heat of passion" while excluding an instruction on voluntary manslaughter;

(d) The trial court erred in instructing the jury on self-defense after indicating that there was no evidence of self-defense in the case.

Patterson's petition for writ of habeas corpus filed in the Circuit Court for the City of Newport News on July 24, 2003 asserted the same claims for relief as alleged in the instant petition. That court denied the petition on August 29, 2003, finding the claims were barred by Virginia Supreme Court rulings that preclude in habeas corpus proceedings the raising of trial errors and the reconsideration of decisions made by the appellate courts.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Patterson's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

>    seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Patterson had one year from the date on which his conviction became final to file a petition for federal habeas corpus. His conviction became final on October 28, 2002, ninety days after the July 30, 2002 refusal of his request for rehearing by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, Patterson had until October 28, 2003 to file his federal petition for a writ of habeas corpus. Patterson did not file the instant federal petition until August 23, 2004, which was approximately 300 days after and outside the limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding

5

for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999))). This tolling provision does not, however, apply to federal habeas petitions. <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).[3]

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Rather:

> an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Id.</u> Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. <u>Id.</u> at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[4] On the other hand, an

---

[3]The Supreme Court in <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001), held that a federal habeas petition is not an "application for state post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "state" applies to the entire phrase "post-conviction or other collateral review."  As such, only state "other collateral review" tolls the limitation period. <u>Id.</u>

[4]<u>See also</u> <u>Osborn v. Dotson</u>, 2002 WL 32443533 at *2 (E.D. Va.) (application was not properly filed because it was submitted on

6

application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9. Patterson properly filed a petition for writ of habeas corpus in the state court on July 24, 2003.

In this case, 269 days elapsed between October 28, 2002, the day on which Patterson's conviction became final, and July 24, 2003,[5] the day on which Patterson filed his state petition for a

---

improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); <u>Christian v. Baskerville</u>, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

[5]The Court notes that while Patterson's state petition for habeas corpus was filed by the Circuit Court for the City of Newport News on July 24, 2003, the date on which the court apparently received the petition, the state petition appears to have been signed and notarized on July 20, 2003. As noted <u>supra</u>, the Fourth Circuit has expressly refrained from deciding whether the prison mailbox rule applies to the filing of federal collateral review applications, much less whether it applies to state filings. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001); <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000). Other federal courts are divided on whether the prison mailbox rule applies to determining the date on which properly completed state petitions are considered "properly filed" for the purpose of the tolling provision. <u>Compare</u> <u>Huizar v. Carey</u>, 273 F.3d 1220, 1223 (9th Cir. 2001) (noting that the prison mailbox rule applies to prisoners filing habeas petitions in both federal and state courts), <u>and</u> <u>Fernandez v. Artuz</u>, 175 F. Supp. 2d 682, 684, 687 (S.D.N.Y. 2001) (applying the prison mailbox rule to state post-conviction filings), <u>with</u> <u>Adams v. LeMaster</u>, 223 F.3d 1177, 1181 (10th Cir. 2000)(not applying the prison mailbox rule to state post-conviction filings because state procedural law does not recognize the rule); <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend the prison mailbox rule to state habeas filings because such a ruling would require interpretation

writ of habeas corpus in the Newport News Circuit Court. The limitation period was then tolled for 36 days while Patterson's habeas petition was pending until August 29, 2003, when the circuit court dismissed the petition.

The limitation period began to run again after August 29, 2003 for an additional period of 96 days (i.e., one year less 269 days), ending on December 3, 2003. Patterson had until that day to file a timely petition for federal habeas review. He filed the instant federal petition on August 23, 2004, approximately 264 days after and outside the limitation period.

Accordingly, the Court FINDS that the petition is time-barred.

### III. ORDER

For the foregoing reasons, the Court FINDS that Patterson's petition for writ of habeas corpus was filed outside the applicable limitation period, and therefore the petition is DENIED as being untimely. Accordingly, the Court ORDERS that respondent's motion to dismiss be GRANTED, and that all of Patterson's claims be

---

of state rules of filing), and Childs v. Zavaras, 90 F. Supp. 2d 1141, 1148-49 (D. Colo. 1999) (assuming, but not deciding, that the prison mailbox rule would apply to state habeas filings).

The Court further notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing." Va. Sup. Ct. R. 3A:25. The Court declines to extend the prison mailbox rule to the filing of Patterson's state habeas petition. Even if the rule were applied, the tolling period would have only been extended for four days and therefore would not have affected the untimeliness of Robinson's petition.

8

DISMISSED WITH PREJUDICE.

Patterson may appeal from the judgment entered pursuant to this Order by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States District Court, Eastern District of Virginia, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Patterson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Opinion and Order to Petitioner, <u>pro</u> <u>se</u>, and to counsel of record for Respondent: Eugene Murphy, Esq., Senior Assistant Attorney General of Virginia. ENTERED this 6th day of September, 2005.

<pre>
                                        /s/
                              F. Bradford Stillman
                              United States Magistrate Judge
</pre>